DAVID BURNS ET AL. *v.* GENERAL MOTORS CORPORATION ET AL.
(AC 23659)
Lavery, C. J., and McLachlan and Hennessy, Js.

Argued September 11—officially released November 11, 2003

*Justin E. Proper*, for the appellant (named defendant).

*William J. Ward*, for the appellees (plaintiffs).

*Opinion*

LAVERY, C. J. The defendant General Motors Corporation (General Motors) appeals from the judgment of the trial court granting the application of the plaintiffs, David Burns and William Burns, to vacate an arbitration award that had been rendered in favor of the defendants.[1] On appeal, the defendant claims that the court

---

[1] Woodbury West Chevrolet, also a defendant at trial, has not appealed. We therefore refer in this opinion to General Motors as the defendant.

improperly vacated the award of the arbitration panel because the record contains substantial evidence to support the panel's findings that (1) there was a noise in the plaintiffs' vehicle and (2) that the noise did not substantially impair the use, safety or value of the vehicle.[2] We reverse the judgment of the trial court.

The arbitration panel reasonably could have found the following relevant facts. On October 20, 2000, the plaintiffs purchased a new Chevrolet Cavalier from Woodbury West Chevrolet (West), a General Motors dealership in Woodbury. On October 26, 2000, the plaintiffs returned the car to West, complaining of a rattle in the transmission whenever the car shifted from first gear to second gear. A West technician road tested the car with the plaintiffs, at which time West informed the plaintiffs that it did not have a remedy for the noise. West told the plaintiffs that it would retain the car while it contacted General Motors to see if it was aware of the type of noise heard in the plaintiffs' car and whether the noise rendered the car unsafe. After holding the plaintiffs' car for three days and consulting General Motors about the noise, West informed the plaintiffs that the noise did not impair the car and that if General Motors were to issue a remedy for the noise, General Motors would inform the plaintiffs of the remedy. The plaintiffs continued to operate the car, but returned to West several more times in November, 2000, each time

[2] The defendant makes five claims on appeal: (1) Did the court exceed its authority by vacating the decision of the arbitration panel in favor of defendant? (2) Were the arbitration panel's findings supported by substantial evidence? (3) Did the court improperly substitute its judgment as to the credibility of the witnesses at the hearing for that of the arbitration panel? (4) Did the court improperly rule that General Motors had an obligation to notify the plaintiffs of a "nonconformity" pursuant to General Statutes § 42-179 (c)? and (5) Did the court improperly award attorney's fees although it failed to determine what a reasonable amount was? Because our resolution of the defendant's substantial evidence claim is dispositive, it is unnecessary to address the remaining claims.

asking the dealership to remedy the noise. Each time, West told the plaintiffs that the car was safe to operate and that General Motors had no remedy for the noise. Neither General Motors nor West ever replaced the plaintiffs' car, the car's transmission or remedied the noise.

Thereafter, the plaintiffs initiated an arbitration proceeding against the defendant pursuant to General Statutes § 42-181 (lemon law). After a hearing, a majority of the three member arbitration panel of the automobile dispute settlement program[3] determined that there was a noise in the transmission, but that the plaintiffs had failed to prove that the noise substantially impaired the use, safety or value of the car within the meaning of General Statutes § 42-179.[4] Consequently, the panel con-

[3] The automobile disputes settlement program is administered by the department of consumer protection. See General Statutes § 42-181.

[4] General Statutes § 42-179 (d) provides in relevant part: "If the manufacturer or its agents or authorized dealers are unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any defect or condition which substantially impairs the use, safety or value of the motor vehicle to the consumer after a reasonable number of attempts, the manufacturer shall replace the motor vehicle with a new motor vehicle acceptable to the consumer, or accept return of the vehicle from the consumer and refund to the consumer, lessor and lienholder, if any, as their interests may appear, the following: (1) The full contract price, including but not limited to, charges for undercoating, dealer preparation and transportation and installed options, (2) all collateral charges, including but not limited to, sales tax, license and registration fees, and similar government charges, (3) all finance charges incurred by the consumer after he first reports the nonconformity to the manufacturer, agent or dealer and during any subsequent period when the vehicle is out of service by reason of repair, and (4) all incidental damages as defined in section 42a-2-715, less a reasonable allowance for the consumer's use of the vehicle. No authorized dealer shall be held liable by the manufacturer for any refunds or vehicle replacements in the absence of evidence indicating that dealership repairs have been carried out in a manner inconsistent with the manufacturers' instructions. Refunds or replacements shall be made to the consumer, lessor and lienholder if any, as their interests may appear. A reasonable allowance for use shall be that amount obtained by multiplying the total contract price of the vehicle by a fraction having as its denominator one hundred twenty thousand and having as its numerator the number of miles that the vehicle traveled prior to the manufacturer's acceptance of its return. It shall be an

cluded that no action be taken by the defendant. The plaintiffs filed a timely application in the trial court to vacate the arbitration award pursuant to General Statutes § 52-418.[5] The court, in its memorandum of decision, found the plaintiffs' expert testimony more credible and persuasive than the defendant's on the degree to which the transmission noise impaired the car's value. Contrary to the arbitration panel, the court found that the transmission noise did substantially impair the use, safety or value of the car. It also found no basis in the record to uphold the award rendered in the defendant's favor. For those reasons, the court vacated the arbitration award in favor of the defendant and rendered judgment for the plaintiffs, awarding them the option to have a new, comparable car or of returning the car to the defendant. It also awarded to the plaintiffs all costs and reasonable attorney's fees.[6] This appeal followed.

affirmative defense to any claim under this section (1) that an alleged nonconformity does not substantially impair such use, safety or value or (2) that a nonconformity is the result of abuse, neglect or unauthorized modifications or alterations of a motor vehicle by a consumer."

[5] General Statutes § 52-418 provides in relevant part: "(a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

"(b) If an award is vacated and the time within which the award is required to be rendered has not expired, the court . . . may direct a rehearing by the arbitrators. . . ."

[6] Whether the court improperly awarded attorney's fees although it failed to determine what a reasonable amount was is one of the claims made on appeal by the defendant. Although we find the defendant's substantial evidence claim dispositive, we note that the court's award to the plaintiffs of reasonable attorney's fees pursuant to General Statutes § 42-180 is not

The defendant claims that the court improperly concluded that the record did not contain substantial evidence to support the arbitrators' finding that the noise in the transmission of the plaintiffs' car did not substantially impair the car's use, safety or value. We agree with the defendant.

At the outset, we set forth our standard of review. Judicial review of lemon law arbitration awards is governed by § 42-181 (c) (4), which provides in relevant part: "The court shall conduct a de novo review of the questions of law raised in the application. . . . In reviewing questions of fact, the court shall uphold the award unless it determines that the factual findings of the arbitrators are not supported by substantial evidence in the record and that the substantial rights of the moving party have been prejudiced. If the arbitrators fail to state findings or reasons for the award, or the stated findings or reasons are inadequate, the court shall search the record to determine whether a basis exists to uphold the award. . . ." Section 42-181 (c) (4) confines the court's review of the application "to the record of the proceedings before the arbitration panel. . . ." General Statutes § 42-181 (c) (4).

Our Supreme Court has determined that in reviewing questions of fact in arbitration proceedings, "a

appealable, as it is not a final judgment. The award is interlocutory because the court never produced a finding determining the amount of the attorney's fees. "The situation, therefore, is similar to where a judgment has been rendered only upon the issue of liability without an award of damages. Such a judgment, being interlocutory in character, is not a final judgment from which an appeal lies." *Stroiney* v. *Crescent Lake Tax District*, 197 Conn. 82, 84, 495 A.2d 1063 (1985). Thus, the award of reasonable attorney's fees without a determination of the amount of the attorney's fees is not appealable for lack of a final judgment. See *Liano* v. *Bridgeport*, 55 Conn. App. 75, 80, 737 A.2d 983 (portion of appeal challenging workers' compensation review board's decision remanding issue of attorney's fees to commissioner for finding of reasonableness dismissed for lack of final judgment), cert. denied, 252 Conn. 909, 743 A.2d 619 (1999).

reviewing court must determine whether there is substantial evidence in the record to support the arbitrators' findings of fact and whether the conclusions drawn from those facts are reasonable." *General Motors Corp.* v. *Dohmann*, 247 Conn. 274, 281–82, 722 A.2d 1205 (1998).

"This so-called substantial evidence rule is similar to the sufficiency of the evidence standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain . . . [a] finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . The fact that a possibility exists that two inconsistent conclusions may be drawn from the evidence does not prevent the arbitrators' finding from being supported by substantial evidence." (Citation omitted; internal quotation marks omitted.) *Connecticut Ins. Guaranty Assn.* v. *Zasun*, 52 Conn. App. 212, 225, 725 A.2d 406 (1999). With those principles in mind, we address the merits of the defendant's claim.

Here, the court searched the record before the panel and proceeded to weigh the evidence itself, concluding that "no basis exists to uphold the award in favor of the defendant." Our Supreme Court has articulated the deference due to an arbitration panel's credibility judgments by a reviewing court when applying the substantial evidence standard: "[I]n determining whether an [arbitration panel's] finding is supported by substantial evidence, a court must defer . . . to the [arbitration panel's] right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part. . . . This limited standard of review dictates that, [w]ith regard to questions of fact, it is neither the function of the trial court nor of this court to retry the case or to substitute its judgment for that of the [arbitration panel]." (Citations omitted; internal quotation marks omitted.) *General Motors Corp.* v. *Dohmann*, supra, 247 Conn. 282.

Thus, a court must limit its review of questions of fact in lemon law arbitrations to whether there exists sufficient evidence in the record to constitute substantial evidence in support of the arbitration panel's findings. Conversely, the court must avoid, as has happened in the present case, overstepping the scope of its review by weighing the credibility of the evidence.

Here, the court was persuaded, unlike the arbitration panel, by the plaintiffs' expert testimony. It found the defendant's expert's testimony unpersuasive because "he never examined or took this vehicle on a test drive." It further found the plaintiff's expert, John Reed, "credible and persuasive." The court then went on to find the facts on which it based its opinion from the plaintiffs' expert witness' testimony, clearly crediting his testimony over the testimony offered by the defendant. That is not the function of a court reviewing a lemon law arbitration panel's decision. Regardless of whether the reviewing court would have decided the arbitration differently were it a member of the original arbitration panel, the reviewing court's scope of review of questions of fact is limited to whether there exists substantial evidence in the record to support the arbitration panel's award.

On the basis of our review of the record, we conclude that there was substantial evidence in the record before the arbitration panel to support its award in the defendant's favor. First, the defendant's expert witness, Dan Fuller, a regional field service engineer for General Motors' Northeast region, testified that the noise about which the plaintiffs complained is a normal characteristic of any manual transaxle type transmission, particularly pronounced in vehicles, such as the plaintiffs' vehicle, that are designed for fuel economy and does not, in any way, impair the use, value or safety of the vehicle. He opined, on the basis of his expert knowledge and the description of the noise in the transmission

that was provided by the plaintiffs' testimony, that the noise was a normal characteristic of transmissions, not a defect, and, therefore, required no repair. On the basis of the defendant's expert testimony, the panel could have concluded reasonably that the noise produced in the transmission did not rise to the level of a substantial impairment of the car's use, safety or value.

Second, General Motors introduced documentary evidence from its engineering department that discussed the subject. That document indicated that the noise was characteristic of the plaintiffs' car's transmission and that replacing the transmission would not eliminate the noise. On the basis of that document, in conjunction with the plaintiffs' description, the arbitration panel also could have concluded reasonably that the noise produced in the transmission did not rise to the level of a substantial impairment of the car's use, safety or value.

Finally, the plaintiffs testified on cross-examination that during the time that they drove the car,[7] it never broke down, was never towed, never had a single repair and never had a safety related incident occur. Although the plaintiffs offered some evidence indicating that the value of the car was impaired, it was within the arbitrations panel's discretion to believe or to disbelieve the evidence presented before it, either in whole or in part. "[I]n determining whether an [arbitration panel's] finding is supported by substantial evidence, a court must defer . . . to the [arbitration panel's] right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part." (Internal quotation marks omitted.) *General Motors Corp.* v. *Dohmann,* supra, 247 Conn. 282. Thus, on the basis of the testimony of the plaintiffs on cross-examination, the arbitration panel could have concluded reasonably that the noise

[7] At the time of the arbitration, the plaintiffs' car had 16,000 miles in eleven months of use.

produced in the transmission did not rise to the level of a substantial impairment of the car's use, safety or value.

We conclude that the record contains substantial evidence to support the arbitration panel's finding that the transmission noise in the plaintiffs' car did not substantially impair its use, safety or value within the meaning of § 42-179 (d).

The judgment is reversed and the case is remanded with direction to deny the plaintiffs' application to vacate the arbitration panel's award.

In this opinion the other judges concurred.