BURGESS RUSSELL *v.* WILLIAM F. RUSSELL, JR.
(AC 26644)

Flynn, C. J., and Bishop and West, Js.

---

Argued February 6—officially released May 2, 2006

*Joseph M. Brophy*, for the appellant (defendant).

*Linda T. Douglas*, for the appellee (plaintiff).

*Opinion*

WEST, J. In this marital dissolution matter, the defendant, William F. Russell, Jr., appeals from the judgment of the trial court issuing certain orders sought by the plaintiff, Burgess Russell, in her postjudgment motions for contempt. On appeal, the defendant claims that the court improperly ordered him to pay expenses associated with the medical treatment of the parties' son, P, at a facility in New Jersey. We reverse in part the judgment of the trial court.

The marriage of the plaintiff and the defendant was dissolved on September 23, 2004. The court accepted the parties' separation agreement and incorporated it by reference into the judgment of dissolution. Article II, § 2.4, of the agreement provides that "[t]he [defendant] shall pay and be responsible for all college expenses for [the parties' son, A] at Boston University or its equivalent through graduation, and the expenses for [P] for completion [of certain treatment at a New Jersey facility] and shall hold the [plaintiff] harmless thereon." The plaintiff filed two motions for contempt on February 28 and March 29, 2005, claiming that the defendant had failed to comply with that section of the agreement. As a result of the defendant's noncompliance, the plaintiff claimed that she had been sued in New Jersey for $24,224.23 owed to the facility for P's medical treatment.[1] The defendant countered that he was responsible for P's expenses incurred at the facility only after the date of dissolution. The court ruled in favor of the plaintiff, finding that article II, § 2.4, of the agreement clearly and unambiguously obligated the defendant to pay all of P's expenses at the facility. The court ordered the defendant to pay the plaintiff $24,224.23, and to reimburse her for all attorney's fees and litigation costs associated with the New Jersey lawsuit.[2] The defendant then filed this appeal.

"Where a judgment incorporates a separation agreement, the judgment and agreement should be con-

[1] A copy of the complaint in the New Jersey action was marked as exhibit one. That complaint is stamped as having been filed on March 21, 2005, and names Burgess Russell and William F. Russell, Jr., as defendants. The complaint alleges in relevant part that "there remains due and owing from . . . Burgess Russell . . . $24,224.23 which sum represents the total charges outstanding . . . and from . . . William F. Russell . . . $10,117.17, which represents a portion of the total charges outstanding for services rendered . . . from July 13, 2004 to the present, exclusive of prejudgment interest and counsel fees."

[2] The court also issued other orders and found that the defendant was not in contempt, but those portions of the court's judgment are not relevant to this appeal.

strued in accordance with the laws applied to any contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. . . . Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . . The court's determination as to whether a contract is ambiguous is a question of law; our standard of review, therefore, is de novo. . . .

"A contract is unambiguous when its language is clear and conveys a definite and precise intent. . . . The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity. . . . Moreover, the mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous. . . .

"In contrast, a contract is ambiguous if the intent of the parties is not clear and certain from the language of the contract itself. [A]ny ambiguity in a contract must emanate from the language used by the parties. . . . The contract must be viewed in its entirety, with each provision read in light of the other provisions . . . and every provision must be given effect if it is possible to do so." (Citations omitted; internal quotation marks omitted.) *Detels* v. *Detels*, 79 Conn. App. 467, 471–72, 830 A.2d 381 (2003).

Our examination of article II, § 2.4, of the agreement indicates that that section is not clear and unambiguous. The first part of that section refers to "all college expenses for [A] at Boston University," while the second part refers to "the expenses for [P] for completion at [the New Jersey facility] . . . ." It is not clear and

certain from the language alone whether the parties intended "the expenses . . . for completion" to include all expenses associated with P's treatment program or only certain expenses associated with his "completion" of that program. The ambiguity of "the expenses . . . for completion" emanates from the language, particularly when considered in light of the provision that the defendant was to pay "all college expenses for [A] at Boston University . . . ." If article II, § 2.4, of the agreement had referred to "all expenses for [P] at [the New Jersey facility]," we would find it difficult to conclude that that hypothetical language was ambiguous. The parties' actual use of "the expenses . . . for completion," however, leads us to determine that the parties' intent is not clear and certain from the language itself. We need not torture the words of article II, § 2.4, in order to find ambiguity because that section does not convey a definite and precise intent. The court must consider extrinsic evidence in order to determine the parties' intent regarding the defendant's obligation to pay expenses associated with P's treatment at the New Jersey facility.[3]

---

[3] In light of our decision to remand the case, it is unnecessary for us to consider two other aspects of the defendant's appeal. First, the defendant claims that the plaintiff improperly amended her financial affidavit without his knowledge after he had signed the separation agreement and just one day before the court rendered the judgment of dissolution. The defendant points out that at the time the parties signed the agreement, the plaintiff's affidavit listed debts of $26,400 owed to the New Jersey facility and $78,000 owed to Boston University. The plaintiff's amended affidavit omitted both of those debts. The defendant argues that he relied on the information in the plaintiff's original affidavit when he signed the agreement and directs us to article III, § 3.1, of the agreement, which provides that "[t]he parties shall be responsible for the debts shown on their respective financial affidavits and shall hold the other harmless thereon." In its memorandum of decision on the plaintiff's motions for contempt, the court determined that the propriety of the plaintiff's amended affidavit was irrelevant because the agreement clearly and unambiguously obligated the defendant to pay the entire debt owed to the New Jersey facility. Because we conclude that the court must resort to extrinsic evidence to determine the parties' intent regarding that debt, the court may revisit its consideration of the plaintiff's affidavits on remand.

The judgment is reversed only as to the orders regarding the debt owed to the New Jersey facility and the attorney's fees of the plaintiff and litigation costs associated with that debt and the case is remanded for further proceedings consistent with this opinion. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

The second aspect of the defendant's appeal that we need not consider is his claim that the court improperly ordered him to pay the plaintiff's attorney's fees and litigation costs associated with the New Jersey lawsuit. On remand, the court may revisit that order after it determines whether the defendant is responsible for the entire debt owed to the New Jersey facility or only a portion of it. It also bears noting that a judgment as to liability only, without a determination of damages, is not an appealable final judgment. The defendant may not appeal from an order to pay attorney's fees and litigation costs until the trial court makes a finding as to the amount of those fees and costs. See *Burns* v. *General Motors Corp.*, 80 Conn. App. 146, 150 n.6, 833 A.2d 934, cert. denied, 267 Conn. 909, 840 A.2d 1170 (2003).