## KAREN KRANE *v.* STUART KRANE
### (AC 27359)

Flynn, C. J., and Gruendel and Hennessy, Js.

Argued October 12, 2006—officially released February 6, 2007

*Andrew P. Nemiroff*, for the appellant (defendant).

*Charles D. Ray*, with whom, on the brief, was *Brian P. Rice*, for the appellee (plaintiff).

HENNESSY, J. The defendant, Stuart Krane, appeals from the judgment of the trial court granting his motion for modification of an award of alimony to the plaintiff, Karen Krane. On appeal, the defendant claims that the court improperly concluded that his alimony payments should be based on a percentage of the gross income rather than the adjusted gross income from his subchapter S corporation. We disagree and affirm the judgment of the trial court.

The court dissolved the marriage of the plaintiff and defendant on January 28, 2005. The judgment of dissolution incorporated within it a written agreement between the parties, a portion of which addressed alimony payments to the plaintiff by the defendant.[1] The portion of the agreement that is the subject of the dispute between the parties and the focus of the appeal before us is as follows: "In the event the [defendant's] employer shall be a Subchapter S corporation and taxed as a partnership, and the [defendant] shall be a stockholder of said corporation, the [defendant's] 'gross annual earned income from employment' from said corporation shall be his income as distributed and he shall not be entitled to deductions for business expenses as made by the corporation. Losses for any such Subchapter S corporation shall not reduce the [defendant's] 'gross annual earned income from employment' except to the extent that such losses are actually realized by him."

The court held that, pursuant to the agreement, when the defendant's income is derived from a subchapter S corporation, the alimony must be calculated on the

---

[1] Pursuant to the agreement, the defendant is required to pay the plaintiff one third of his annual gross income as alimony, with a maximum annual payment of $100,000.

basis of his gross income rather than his net income.[2] The defendant claims that the term gross income under the circumstance of his being employed by a subchapter S corporation refers to his adjusted gross income, not the gross receipts of the corporation. The plaintiff argues that, pursuant to the terms of the agreement, gross income is calculated without consideration of any business expenses claimed by the defendant's subchapter S corporation.

Our standard of review is well settled. "Where a judgment incorporates a separation agreement, the judgment and agreement should be construed in accordance with the laws applied to any contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. . . . Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . . The court's determination as to whether a contract is ambiguous is a question of law; our standard of review, therefore, is de novo." (Internal quotation marks omitted.) *Russell* v. *Russell*, 95 Conn. App. 219, 221–22, 895 A.2d 862 (2006).

The defendant claims that the court improperly interpreted the evidence and counsels' arguments as to the meaning of the agreement. The defendant cites *Marcus* v. *Marcus*, 175 Conn. 138, 394 A.2d 727 (1978), for the proposition that the term "income" means the amount one earns less the legitimate cost of earning it. The defendant also relies on *Bonom* v. *Bonom*, Superior Court, judicial district of Stamford-Norwalk, Docket

---

[2] Pursuant to the ruling of the court, the defendant would pay the plaintiff alimony based on his anticipated gross income of $210,000 for the year rather than on his net income of $173,256. In the year 2006, the defendant would pay the plaintiff $70,000 instead of $57,752.

No. FA-99-0171821-S (December 11, 2003), which follows the definition of "income" as interpreted in *Marcus*. Neither of the agreements incorporated into the dissolution decrees in *Marcus* or *Bonom* clearly defined the word "income." As a result, the courts in those cases found ambiguity and applied "[t]he oft-repeated rule . . . that the intent of the parties is to be ascertained by a fair and reasonable construction of the written words in the light of the circumstances surrounding the execution of the writing and in the light of the object of the parties in executing the contract." (Internal quotation marks omitted.) *Marcus* v. *Marcus*, supra, 141.

We are convinced, as was the trial court, that the defendant's reliance on the two cases cited is not persuasive. The defendant argues that the court erroneously interpreted *Marcus* in deciding the present case. He claims that the court referred to *Marcus* in its decision but then proceeded to hold that the expenses of the corporation could not be deducted from the gross income paid to him. Our review of the trial transcript shows otherwise. The court did not rely on *Marcus* in rendering its decision but stated that the reference it made to *Marcus* was that "[it] was an analogous situation, and I think a reasonable reading here is that he is not entitled to the deductions for business expenses . . . ." The fact that distinguishes this case from *Marcus* and *Bonom* is that the dissolution agreement in this case contains a definition of the term "gross annual earned income." It is defined "to include any earnings received, or which the [defendant] is entitled to receive, from sources relating to the services rendered or performed by the [defendant] either as an employee, independent contractor, partner, member of an LLC or LLP, or self-employed person . . . ." The agreement further states: "In the event the [defendant's] employer shall

be a Subchapter S corporation and taxed as a partnership, and the [defendant] shall be a stockholder of said corporation, the [defendant's] 'gross annual earned income from employment' from said corporation shall be his income as distributed and he shall not be entitled to deductions for business expenses as made by the corporation." The court found that this wording in the agreement was rendered "[in] plain English" and stated that the defendant "doesn't get the benefit of the deductions made by the corporation." The defendant however, urges the court to interpret the words "not be entitled to deductions for business expenses as made by the corporation" to mean that he cannot deduct from what is distributed to him the same expenses as deducted by the corporation. The court disagreed and ruled that the wording of the agreement "[in] plain English" means that the defendant does not receive the benefit of the deductions taken by the corporation.

The wording of the agreement is clear and unambiguous. The court so found, and the record so demonstrates. Although the defendant, on appeal, relies on *Marcus* and *Bonom* to suggest ambiguity in the interpretation of the agreement, the holdings in those cases do not make it so. We agree with the court that the language of the contract, in this case the dissolution agreement, is clear and unambiguous and is to be given effect in accordance with its terms. See *Russell* v. *Russell*, supra, 95 Conn. App. 222.

The judgment is affirmed.

In this opinion the other judges concurred.