ROBINSON, J.
**77 The sole issue in this certified appeal is whether the trial court's determination that General Statutes § 12-161a, which requires that a property owner pay the attorney's fees of a municipality in actions brought to collect delinquent personal property taxes, entitled a municipality to an award for the attorney's fees it incurred in a related federal action is an appealable final judgment under our decisions in Hylton v. Gunter , 313 Conn. 472, 97 A.3d 970 (2014), and Paranteau v. DeVita , 208 Conn. 515, 544 A.2d 634 (1988), when the trial court has not yet determined the amount of those fees. The defendant, WMS Gaming, Inc., appeals, upon our granting of its petition for certification,[1] from the judgment of the Appellate Court granting the motion to dismiss the defendant's appeal filed by the plaintiff, the town of Ledyard. Ledyard v. WMS Gaming, Inc. , 171 Conn. App. 624, 625, 157 A.3d 1215 (2017). On appeal, the defendant relies on the bright line **78 rule set forth in Paranteau , namely, that "a judgment on the merits is final for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined"; Paranteau v. DeVita , supra, at 523, 544 A.2d 634 ; and contends that the Appellate Court improperly dismissed its appeal for lack of a final judgment by relying on footnote 11 of this court's decision in Paranteau , which states that a "supplemental postjudgment award of attorney's fees becomes final and appealable ... not when there is a finding of liability for such fees, but when the amount of fees are conclusively determined. A finding as to liability only, prior to a determination on the issue of damages, is not a final judgment from which an appeal lies." Id., at 524, 544 A.2d 634 n.11. Guided by our analysis of Paranteau and Hylton , we agree with the defendant, and, accordingly, we reverse the judgment of the Appellate Court and remand the case to that court for further proceedings.
The opinion of the Appellate Court aptly sets forth the following relevant facts and procedural history. "In 2008, the plaintiff commenced the underlying action to collect unpaid personal property taxes that it had imposed on slot machines that the defendant owned and leased to the Mashantucket Pequot Tribal Nation (Tribal Nation) for use in its gaming facilities. ... [T]he plaintiff *985 sought $18,251.23 in unpaid personal property taxes, plus costs, interest, and penalties. In addition, the plaintiff sought attorney's fees pursuant to ... § 12-161a.
"Shortly after the plaintiff had commenced the underlying state action, the Tribal Nation filed an action in the United States District Court for the District of Connecticut challenging the authority of the state of Connecticut and the plaintiff to impose the taxes at issue in the present state action. Although it was not a party to the federal action commenced by the Tribal Nation, the defendant filed a motion to stay the present state **79 action pending the outcome of the federal action, which the trial court, Martin, J. , granted.
"On March 27, 2012, the District Court ruled on cross motions for summary judgment filed in the ... federal action. The District Court, determining that the authority of the state and the plaintiff to impose the taxes was preempted by federal law, granted the Tribal Nation's motion for summary judgment and denied separate motions for summary judgment filed by the plaintiff and the state .... See Mashantucket Pequot Tribe v. Ledyard , Docket No. 3:06CV1212 (WWE), 2012 WL 1069342, *12 (D. Conn. March 27, 2012), rev'd, 722 F.3d 457 (2d Cir. 2013). On July 15, 2013, the United States Court of Appeals for the Second Circuit reversed the District Court's judgment, concluding that the authority of the state and the plaintiff to impose the taxes was not preempted by federal law. See Mashantucket Pequot Tribe v. Ledyard , 722 F.3d 457, 477 (2d Cir. 2013).
"After the proceedings had resumed in the present state action, the parties executed a stipulation. Under the stipulation, the parties agreed that the defendant had tendered payment to the plaintiff for all outstanding taxes, accrued interest, and accrued penalties at issue. They further agreed that the plaintiff was entitled to reasonable attorney's fees and costs incurred in the underlying state action, the amount of which would be determined by the trial court and the payment of which would be accepted by the plaintiff as satisfaction of all of the taxes, interest, penalties, attorney's fees, and costs recoverable by the plaintiff with respect to the underlying state action. They disputed, however, whether the trial court could also find the defendant liable for attorney's fees incurred by the plaintiff in defense of the federal action commenced by the Tribal Nation to which the defendant was not a party (federal action attorney's fees). The parties agreed to submit to **80 the trial court the issue of whether the defendant was liable for the federal action attorney's fees.
"After executing the stipulation, the parties filed ... motions for summary judgment as to liability only with respect to the federal action attorney's fees. On October 6, 2016, the trial court, Vacchelli, J. , issued its memorandum of decision granting the plaintiff's motion for summary judgment, denying the defendant's motion for summary judgment, and rendering ... judgment as to liability only in favor of the plaintiff with respect to the federal action attorney's fees. The trial court concluded that the defendant was liable for the federal action attorney's fees pursuant to § 12-161a. The trial court further stated that the plaintiff could file a motion for attorney's fees within thirty days and that a hearing would be scheduled thereafter to determine the amount of the attorney's fees to which the plaintiff is entitled. Shortly thereafter, on October 11, 2016, the plaintiff filed a motion for attorney's fees.
"On October 25, 2016, [before] the trial court [scheduled] a hearing on the plaintiff's motion for attorney's fees, the defendant *986 appealed [from] the trial court's decision with respect to the federal action attorney's fees [to the Appellate Court]. The plaintiff's motion to dismiss the defendant's appeal followed.
"The plaintiff [moved] to dismiss the defendant's appeal for lack of subject matter jurisdiction, asserting that the trial court's ... judgment as to liability only in favor of the plaintiff with respect to the federal action attorney's fees is not an appealable final judgment because the trial court [had] not determined the amount of the attorney's fees to which the plaintiff is entitled. In response, the defendant [contended] that the trial court's decision [was] immediately appealable under the rationale of **81 Hylton v. Gunter , [supra, 313 Conn. 472, 97 A.3d 970 ]." (Footnotes omitted.) Ledyard v. WMS Gaming, Inc. , supra, 171 Conn. App. at 625-28, 157 A.3d 1215.
Relying on "the rationale" of this court's decision in Paranteau , the Appellate Court determined that "a timely appeal taken from a decision conclusively determining the amount of an attorney's fees award may challenge both the amount and recoverability of the attorney's fees awarded."[2] Id., at 634-35, 157 A.3d 1215. The Appellate Court rejected the defendant's reliance on Hylton , observing that the "defendant is appealing only from the trial court's decision rendering summary judgment as to liability only in favor of the plaintiff with respect to the federal **82 action attorney's fees, which were awarded pursuant to § 12-161a. Hylton does not stand for the proposition that the trial court's liability determination with respect to the federal action attorney's fees is immediately appealable absent a calculation of the attorney's fees." Id., at 634, 157 A.3d 1215. The Appellate Court then concluded "that the trial court's ... judgment as to liability only in the plaintiff's favor with respect to the federal action attorney's fees is not an appealable final judgment absent a determination of the amount of the attorney's fees." Id., at 635, 157 A.3d 1215. Consequently, the Appellate Court granted the plaintiff's motion and dismissed the appeal. Id. This certified appeal followed. See footnote 1 of this opinion.
On appeal to this court, the defendant claims that the Appellate Court improperly dismissed its appeal because there was an appealable final judgment. The defendant claims that this conclusion is supported by this court's recent application of Paranteau 's bright line rule in Hylton , which, *987 the defendant argues, stands for the proposition that "when attorney's fees are awarded as punitive damages, a litigant can appeal the legal basis for awarding fees before the trial court has acted on a motion for attorney's fees and determined the amount of recoverable fees." (Emphasis in original.) The defendant further emphasizes that this court stated in Benvenuto v. Mahajan , 245 Conn. 495, 501, 715 A.2d 743 (1998), that this bright line rule "applies across the board, even to cases that might not seem particularly apt for it." To this end, the defendant contends that, in Hylton , this court considered how the bright line rule adopted in Paranteau related to the well established principle that judgments rendered on liability alone are not final for purposes of appeal until the amount of damages is determined and, moreover, that the Appellate Court's reliance on its cases applying footnote 11 of Paranteau as a basis for dismissing the appeal was misplaced because those cases were decided prior to Hylton . The defendant argues that the circumstances of its appeal are more factually similar to those of Hylton than the circumstances considered in footnote 11 of Paranteau because, "[i]n this case, as in Hylton , the Superior Court has already resolved the legal question of whether the plaintiff has the right to [file] a motion to recover attorney's fees as a form of damages. In this **83 case, as in Hylton , the defendant wishes to challenge that legal determination, which is completely separate from and will not be affected by any subsequent decision by the Superior Court regarding the measure of recoverable [attorney's] fees."[3] (Emphasis in original.)
In response, the plaintiff relies on footnote 11 of this court's decision in Paranteau and contends that "[t]he defendant's argument that this court has adopted the 'bright line' rule that judgments are final before the amount of recoverable attorney's fees has been determined does not apply [when] judgment has [rendered] on the issue of liability only." The plaintiff argues that Benvenuto "does not support the defendant's position" and that the Appellate Court was correct in determining that the trial court's decision was not a final judgment, as that judgment was rendered as to liability only. The plaintiff then claims that the defendant's reliance on Hylton is misplaced because the trial court did not render a judgment disposing of the merits of the present case insofar as "[t]he defendant is appealing only the trial court's ... judgment as to liability only in favor of the plaintiff with respect to the federal action attorney's fees, which were awarded pursuant to § 12-161a." We agree with the defendant, and conclude that the trial court's determination that the defendant is liable for the federal action attorney's fees was an appealable final judgment, despite the fact that the amount of those fees had not yet been determined.[4]
**84 *988 As a preliminary matter, we set forth the standard of review. "The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding ... subject matter jurisdiction is a question of law [and, therefore] our review is plenary." (Internal quotation marks omitted.) Hylton v. Gunter , supra, 313 Conn. at 478, 97 A.3d 970.
"Neither the parties nor the trial court ... can confer jurisdiction upon [an appellate] court.... The right of appeal is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met.... It is equally axiomatic that, except insofar as the legislature has specifically provided for an interlocutory appeal or other form of interlocutory appellate review ... appellate jurisdiction is limited to final judgments of the trial court." (Internal quotation marks omitted.) State v. Jamar D. , 300 Conn. 764, 770, 18 A.3d 582 (2011) ; see also General Statutes § 52-263.
"It is well settled that a judgment rendered only upon the issue of liability without an award of damages is interlocutory in character and not a final judgment from which an appeal lies.... Nevertheless, [under the bright line rule announced in Paranteau ] a judgment on the merits is final for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined." (Citations omitted; internal quotation marks omitted.) Hylton v. Gunter , supra, 313 Conn. at 478-79, 97 A.3d 970.
We begin with a review of Paranteau , in which this court first stated the bright line rule on which the defendant relies. In Paranteau , the trial court found that **85 the defendant, a landlord, had violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. Paranteau v. DeVita , supra, 208 Conn. at 517, 544 A.2d 634. The trial court granted the plaintiff's request for attorney's fees pursuant to the authorizing statute, General Statutes § 42-110g (d), but delayed determining the amount of those fees. Id. In considering whether an appealable final judgment existed, this court followed the decision of the United States Supreme Court in Budinich v. Becton Dickinson & Co. , 486 U.S. 196, 202-203, 108 S.Ct. 1717, 100 L.Ed. 2d 178 (1988), which resolved a conflict in federal authority by embracing the majority view: "a [bright line] approach which obviates the need for individual case review through the implementation of a uniform rule stating that an unresolved issue of attorney's fees does not prevent judgment on the merits from being final and immediately appealable." Paranteau v. DeVita , supra, at 520, 544 A.2d 634. This court emphasized that "[a] [bright line] rule provides notice that decisions on the merits and those on attorney's fees will be treated separately, giving clear guidance as to when an appeal on the merits must be taken. We do not believe the timeliness of an appeal should be based upon retrospective, technical considerations of whether a particular supplemental postjudgment claim for attorney's fees was collateral to, or an integral part of, the judgment on the merits." Id., at 522-23, 544 A.2d 634. Accordingly, this court held that "a judgment on the merits is final for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined." Id., at 523, 544 A.2d 634. *989 This court later made clear in Benvenuto that this bright line rule "applies across the board, even to cases that might not seem particularly apt for it." Benvenuto v. Mahajan , supra, 245 Conn. at 501, 715 A.2d 743. In Benvenuto , the Appellate Court had concluded that, "without a determination of the amount of the attorney's fees, a judgment **86 of strict foreclosure does not constitute a final appealable judgment." Id., at 500, 715 A.2d 743. In assessing this position in light of Paranteau , this court "acknowledge[d] the analytical appeal of the position of the Appellate Court. In a strict foreclosure case, until the amount of attorney's fees is set by the court, the total amount of the debt is not fully determined, and any party wishing to redeem on his or her law day will not know precisely how much to pay in order to do so. That reasoning argues with considerable persuasiveness for a conclusion that, in such a case, there is no final judgment for purposes of appeal until attorney's fees are determined. Thus, a judgment of strict foreclosure that does not contain a determination of attorney's fees does not fit comfortably with traditional notions of finality." Id., at 501, 715 A.2d 743.
This court, however, concluded that Paranteau 's bright line rule nonetheless applies to appeals in strict foreclosure cases. Id."First, that is ordinarily what having a bright line test means: it applies across the board, even to cases that might not seem particularly apt for it. Thus, it attempts to relieve the parties who must live under it from the task of determining on a case-by-case basis when it applies and when it does not.
"Second, the reasoning underlying Paranteau applies in the present case. The gist of that reasoning is that it is more efficient, for the courts and the parties, to have a bright line rule because a case-by-case approach as to whether a claim for attorney's fees is collateral or integral to a judgment on the merits promotes, rather than eliminates, uncertainty as to when an appeal on the merits must be taken.... With a bright line rule that a judgment on the merits is final for purposes of appeal, notwithstanding that a determination has not yet been made regarding the recoverability or amount of attorney's fees, the parties and the courts will not be burdened with having to decide how the claim for attorney's fees fits, or does not fit, with the judgment **87 on the merits." (Citation omitted; internal quotation marks omitted.) Id.
This court emphasized that "[t]here are numerous contexts in which attorney's fees may be awarded, including foreclosure actions, actions on notes or other contracts with attorney's fees clauses, and statutory claims that carry with them the potential for an award of attorney's fees. In Paranteau , we recognized that in some cases the fees would be integral to the judgment on the merits and in others they would be collateral to it.... By opting for a bright line rule, we implicitly recognized that there would be some cases-indeed, this is such a case-in which the application of the bright line [rule] would mean that an attorney's fees award that would otherwise be considered integral to the judgment on the merits would nevertheless be severable from that judgment for purposes of finality.
"Furthermore, reading Paranteau narrowly, so as to apply only to a supplemental postjudgment claim for attorney's fees ... would require the court and parties in each case to determine whether the claim fit within that category. That necessity would significantly reduce the value of having a bright line rule, which consists largely of the rule's clarity and, therefore, its efficiency for both the court and the parties." (Citations omitted; internal quotation *990 marks omitted.) Id., at 502-503, 715 A.2d 743.
Most recently, we again extended the applicability of Paranteau 's bright line rule in Hylton v. Gunter , supra, 313 Conn. at 487, 97 A.3d 970, in which we "conclude[d] that an appealable final judgment existed when all that remained for [a] trial court to do was determine the amount of the attorney's fees comprising the common-law punitive damages that it previously had awarded" on the plaintiff's claims of, inter alia, fraud, civil theft, breach of fiduciary duty, and breach of the implied duty of good faith and fair dealing. See id., at 475-76, 97 A.3d 970 (noting that trial **88 court had directed plaintiff to file affidavit of attorney's fees and that defendant appealed to Appellate Court prior to determination of fee amount). In concluding that the Appellate Court had improperly dismissed the defendant's appeal for lack of a final judgment, we overruled that court's decision in Lord v. Mansfield , 50 Conn. App. 21, 717 A.2d 267, cert. denied, 247 Conn. 943, 723 A.2d 321 (1998), which "held that a judgment was not final for purposes of appeal when the trial court had not yet determined the prevailing party's litigation expenses for purposes of calculating common-law punitive damages." Hylton v. Gunter , supra, at 487-88, 97 A.3d 970. We determined that " Lord was wrongly decided because, among other reasons, it [was] inconsistent with this court's decision in Paranteau ... which adopted the bright line rule that a judgment on the merits is final for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined." (Citation omitted; internal quotation marks omitted.) Id., at 474-75, 97 A.3d 970. Accordingly, we concluded in Hylton that "an appealable final judgment existed when the defendant filed the ... appeal, despite the fact that the trial court had not yet determined the amount of the attorney's fees that would comprise the common-law punitive damages award." Id., at 483-84, 97 A.3d 970.
In so holding, we emphasized that we had expressly rejected a narrow reading of Paranteau 's bright line rule in Benvenuto . See Hylton v. Gunter , supra, 313 Conn. at 484, 97 A.3d 970. "Indeed, this court squarely rejected a distinction between attorney's fees integral to a judgment on the merits, and those that are more collateral in nature.... [W]e agree with the United States Supreme Court that the final judgment effect of an unresolved issue of attorney's fees for the litigation at hand should not turn upon the characterization of those fees by the statute or decisional law that authorizes **89 them." (Citations omitted; internal quotation marks omitted.) Id.
In the present case, what is important, as this court observed in Hylton , "is not preservation of conceptual consistency in the status of a particular fee authorization as merits or nonmerits, but rather preservation of operational consistency and predictability in the overall application of [the final judgment rule]." (Internal quotation marks omitted.) Id., at 487, 97 A.3d 970, quoting Budinich v. Becton Dickinson & Co. , supra, 486 U.S. at 202, 108 S.Ct. 1717. As the trial court in the present case observed in its memorandum of decision on the parties' motions for summary judgment as to liability, "[t]he action was resolved by agreement except that the parties reserved for [the trial court's] resolution the issue of the extent of the defendant's liability for attorney's fees under ... § 12-161a." All that remained to be done after the trial court's decision was for the plaintiff to file a motion for attorney's fees, which it did, and for the court to conduct a hearing on that motion to determine the amount of those fees, which would include the fees incurred in the present state action as well as the *991 federal action attorney's fees. This court's decisions in Paranteau , Benvenuto , and Hylton all emphasize the benefits of a bright line rule, and those benefits apply with equal force in the circumstances of this case. Requiring the defendant to determine whether the attorney's fees ruling under § 12-161a was integral to the merits of the trial court's summary judgment decision would invite confusion as to the window of appealability; that is precisely the sort of determination this court has sought to relieve parties from making in cases involving attorney's fees. We therefore conclude that the trial court's ruling on the parties' motions for summary judgment as to liability constituted an appealable final judgment pursuant to the bright line rule articulated in Paranteau . **90 We acknowledge that, in footnote 11 of Paranteau , this court stated that a "supplemental postjudgment award of attorney's fees becomes final and appealable, however, not when there is a finding of liability for such fees, but when the amount of fees are conclusively determined. A finding as to liability only, prior to a determination on the issue of damages, is not a final judgment from which an appeal lies." Paranteau v. DeVita , supra, 208 Conn. at 524 n.11, 544 A.2d 634. The Appellate Court, however, improperly relied on this footnote to dismiss the defendant's appeal. See Ledyard v. WMS Gaming, Inc. , supra, 171 Conn. App. at 629-31, 157 A.3d 1215 ; see also footnote 2 of this opinion. The operative language of footnote 11 in Paranteau applies only to "supplemental postjudgment award[s] of attorney's fees ...." Paranteau v. DeVita , supra, at 524 n.11, 544 A.2d 634. In the present case, the trial court's decision to award the federal action attorney's fees pursuant to § 12-161a was not a supplemental postjudgment award of fees but, rather, was made directly in connection with the judgment resolving the underlying tax collection action in accordance with the parties' stipulation. Put differently, the trial court's decision with respect to the availability of the federal action attorney's fees pursuant to § 12-161a resolved the only remaining dispute between the parties and did not supplement a previously rendered judgment. The language set forth in footnote 11 of Paranteau therefore does not apply to the facts of this case.[5] Accordingly, we **91 conclude that the Appellate Court improperly dismissed the defendant's appeal for lack of a final judgment.
The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to deny the plaintiff's motion to dismiss and for further proceedings.
In this opinion the other justices concurred.

We granted the defendant's petition for certification to appeal, limited to the following issue: "Did the Appellate Court correctly dismiss the defendant's appeal as premature?" Ledyard v. WMS Gaming, Inc. , 325 Conn. 921, 921-22, 163 A.3d 620 (2017).

The Appellate Court observed that it "has relied on Paranteau to dismiss appeals, in whole or in part, challenging awards of attorney's fees where the appeals were filed prior to the conclusive determinations of the amount of the attorney's fees. See Bailey v. Lanou , 138 Conn. App. 661, 675-77, 54 A.3d 198 (2012) (dismissing, sua sponte, portion of appeal challenging award of statutory attorney's fees [when] trial court had not determined amount of attorney's fees prior to filing of appeal); McKeon v. Lennon , 131 Conn. App. 585, 610-11, 27 A.3d 436 (dismissing portion of appeal challenging award of attorney's fees [when] trial court had not determined amount of attorney's fees prior to filing of appeal), cert. denied, 303 Conn. 901, 31 A.3d 1178 (2011) ; Sullivan v. Brown , 116 Conn. App. 660, 661 n.1, 662-63, 975 A.2d 1289 (dismissing, sua sponte, appeal challenging award of statutory attorney's fees and costs [when] trial court had not determined amount of attorney's fees and costs prior to filing of appeal), cert. denied, 294 Conn. 914, 983 A.2d 852 (2009) ; see also Burns v. General Motors Corp. , 80 Conn. App. 146, 150-51 n.6, 833 A.2d 934 (noting, in dictum, that award of statutory attorney's fees was not appealable final judgment [when] trial court had not determined amount of attorney's fees prior to filing of appeal), cert. denied, 267 Conn. 909, 840 A.2d 1170 (2003)." (Footnote omitted.) Ledyard v. WMS Gaming, Inc. , supra, 171 Conn. App. at 630-31, 157 A.3d 1215.

In arguing that an appealable final judgment exists, the defendant alternatively relies on this court's case law concluding that, although a trial court's order opening a judgment is generally not a final judgment for purposes of appeal, there is an exception when an appeal challenges the power of the trial court to set aside the judgment. See Rosado v. Bridgeport Roman Catholic Diocesan Corp. , 276 Conn. 168, 195, 884 A.2d 981 (2005). The plaintiff contends to the contrary. Given our conclusion with respect to the defendant's claim pursuant to Hylton and Paranteau , we need not address these alternative arguments.

We note that the plaintiff contends that "[t]here is no merit to the defendant's claim that the trial court lacked statutory authority to award attorney's fees" under § 12-161a and that "[t]he defendant is endeavoring to sidestep the trial court's ruling on this matter and to substitute its own perception of the outcome." We leave the resolution of this argument, which pertains to the merits of the appeal rather than to appellate jurisdiction, to the Appellate Court in the first instance.

Footnote 11 of Paranteau can be explained as part of an effort to save jurisdiction over that appeal given the facts of that particular case, which predated our clarification in Ambroise v. William Raveis Real Estate, Inc. , 226 Conn. 757, 762-63, 628 A.2d 1303 (1993), that the twenty day time limitation for filing an appeal set forth in Practice Book § 63-1 (a) is not subject matter jurisdictional. See Benvenuto v. Mahajan , supra, 245 Conn. at 503-505 and n.4, 715 A.2d 743. Nevertheless, footnote 11 is in tension with Paranteau 's bright line rule as it has been extended in Benvenuto and Hylton . Although the Appellate Court has dismissed several appeals following the rationale of Paranteau 's footnote 11; see footnote 2 of this opinion; we observe that the footnote must be considered in the context of this court's subsequent decisions in Benvenuto and Hylton , which emphasize the importance of the bright line rule with respect to attorney's fees awards that are not rendered postjudgment.