******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# GALINA MYSHKINA *v.* VLADIMIR GUSINSKI
## (AC 45192)

Bright, C. J., and Elgo and Suarez, Js.

*Syllabus*

Pursuant to the rules of practice (§ 17-25 (b) (1)), an affidavit of debt in
support of a motion for default and judgment must be signed by "the
plaintiff or by an authorized representative of the plaintiff who is not
the plaintiff's attorney."

The plaintiff sought to recover damages from the defendant for his breach
of a promissory note. The trial court granted the plaintiff's motion to
default the defendant for failure to appear. Subsequently, the plaintiff
filed a motion for judgment based on the defendant's failure to appear,
which was signed the plaintiff's counsel, G. G also signed an affidavit
of debt in support of the motion. The trial court granted the motion for
judgment and rendered judgment in favor of the plaintiff, from which
the defendant appealed to this court. *Held* that the trial court, in render-
ing the judgment, improperly relied on the affidavit of debt signed by
G in contravention of Practice Book § 17-25; in the present case, because
it was undisputed that the only affidavit of debt filed in support of the
plaintiff's motion was signed by G, the court should have denied the
motion for failing to comply with § 17-25 (b) (1) or required the submis-
sion of additional information pursuant to § 17-25 (c), and it did neither.

Argued November 7, 2022—officially released January 24, 2023

*Procedural History*

Action to collect on a promissory note, and for other
relief, brought to the Superior Court in the judicial dis-
trict of Stamford-Norwalk, where the defendant was
defaulted for failure to appear; thereafter, the court,
*Hon. Edward T. Krumeich II*, judge trial referee,
granted the plaintiff's motion for judgment and ren-
dered judgment thereon, from which the defendant
appealed to this court. *Reversed*; *further proceedings*.

*John R. Harness*, for the appellant (defendant).

*Opinion*

PER CURIAM. The defendant, Vladimir Gusinski, appeals from the default judgment rendered in favor of the plaintiff, Galina Myshkina. The defendant claims that the court, in rendering the judgment, improperly relied on the affidavit of debt of the plaintiff's counsel in contravention of Practice Book § 17-25 (b) (1).[1] We agree and reverse the judgment of the trial court.

The following procedural history is relevant to our analysis. The plaintiff initiated the underlying action by way of a one count complaint dated August 20, 2021, alleging that the defendant breached a promissory note. The return of service filed with the court indicates that the defendant was served by abode service on August 26, 2021. The plaintiff sought money damages, attorney's fees, and costs, pursuant to the terms of the note. The complaint was signed by the plaintiff's counsel, Philip Russell of Philip Russell, LLC.

On October 5, 2021, the plaintiff, pursuant to Practice Book § 17-20, filed a motion to default the defendant for failure to appear. The court granted that motion on October 13, 2021. On November 30, 2021, the plaintiff, pursuant to Practice Book §§ 17-25 (b) (1) and 17-33,[2] filed a motion for judgment based on the defendant's failure to appear. Attorney Andrew Gould signed the motion for judgment as an attorney with Philip Russell, LLC. Attorney Gould also signed the affidavit of debt filed in support of the motion for judgment. In the affidavit, Attorney Gould identified himself as "the attorney for [the plaintiff]" and averred, among other things, that, "[a]s of today, November 30, 2021, the amount outstanding [on the promissory note] is in excess of [£]85,000 G.B.P. (As of the exchange rate on [November] 19, 2021, $114,333.50 U.S.D.)." Attorney Gould also filed an affidavit of attorney's fees in support of the motion for judgment. In that affidavit, Attorney Gould averred that he had reviewed the underlying promissory note, sent demand letters to the defendant, and drafted the summons, complaint, motion for default, and the motion for judgment. He further averred that the prosecution of the collection matter required legal fees, as of that date, in the amount of $7143.92. The plaintiff presented no other evidence in support of her motion for judgment as to the amount of the debt.

On December 13, 2021, the court, *Hon. Edward T. Krumeich II*, judge trial referee, granted the motion for judgment and rendered judgment for the plaintiff in the amount of $114,333.50. As to attorney's fees and costs, the court instructed the plaintiff to "submit a bill of costs and a fee affidavit that sets forth evidence the fee requested is reasonable under the lodestar method for calculation of legal fees." It does not appear that the plaintiff ever complied with this directive.[3] This appeal followed.

The defendant's sole claim on appeal is that the court improperly relied on Attorney Gould's affidavit of debt when it rendered judgment. The defendant argues that, because the only affidavit of debt filed in support of the plaintiff's motion for judgment was signed by her attorney, Attorney Gould, the court should have denied the plaintiff's motion for failing to comply with Practice Book § 17-25 (b) (1), which requires that the affidavit of debt be signed by "an authorized representative of the plaintiff who is not the plaintiff's attorney." We agree.

The interpretation of our rules of practice is a question of law over which we exercise plenary review. See *Wiseman* v. *Armstrong*, 295 Conn. 94, 99, 989 A.2d 1027 (2010). Practice Book § 17-25 (b) (1) requires that a plaintiff filing a motion for default for failure to appear and judgment must file with the motion "[a]n affidavit of debt signed by the plaintiff or *by an authorized representative of the plaintiff who is not the plaintiff's attorney.*" (Emphasis added.) That mandate is clear and unambiguous. Furthermore, § 17-25 (c) makes clear that the requirements of § 17-25 (b) constitute the minimum information necessary for the rendering of judgment, as it provides: "Nothing contained in this section shall prevent the judicial authority from requiring the submission of additional written documentation or the presence of the plaintiff, the authorized representative of the plaintiff or other affiants, as well as counsel, before the court prior to rendering judgment if it appears to the judicial authority that additional information or evidence is required in order to enter judgment." Although § 17-25 (c) gives the court discretion to require information in addition to that required in § 17-25 (b), nothing in § 17-25 gives the court the discretion to accept less than the required information.

On the basis of the plaintiff's affidavit of debt in the present case, the court either should have denied the motion for judgment or required the submission of additional information pursuant to Practice Book § 17-25 (c). It did neither. Consequently, because it is undisputed that the only affidavit of debt before the court was signed by Attorney Gould, who admittedly was the plaintiff's attorney, the court improperly granted the plaintiff's insufficiently supported motion for judgment.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

[1] The plaintiff did not file a brief and, therefore, this court considered the appeal on the basis of the defendant's brief, the record, and the defendant's oral argument only. See Practice Book §§ 60-4 and 70-4.

[2] Practice Book § 17-33 (a) provides: "If a defendant is defaulted for failure to appear for trial, evidence may be introduced and judgment rendered without notice to the defendant."

Although the plaintiff referenced Practice Book § 17-33 in her motion, because this case never proceeded to a trial, that section is inapplicable to her motion for judgment. The applicable section is Practice Book § 17-25, which is discussed further in this opinion.

[3] Although the court never awarded attorney's fees, despite indicating its intent to do so, we nonetheless have jurisdiction over this appeal. See

*Ledyard* v. *WMS Gaming, Inc.*, 330 Conn. 75, 84, 191 A.3d 983 (2018) (reaffirming "bright line rule" that "judgment on the merits is final for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined" (internal quotation marks omitted)).

---